**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PRAVINDRAJIT SANDHU,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No. 4:11-cv-02670** |
| **V.** | § § | |
| **COLLABIS, LLC,** | § § | |
| **Defendant.** | § § | |

**PLAINTIFF PRAVINDRAJIT SANDHU'S RESPONSE TO DEFENDANT**
**COLLABIS, LLC'S MOTION TO COMPEL ARBITRATION**

It is undisputed that, after months of due diligence and negotiations, defendant Collabis, LLC entered into an asset purchase agreement with plaintiff Pravindrajit Sandhu, which did not contain an arbitration provision.[1]  In spite of that inconvenient fact, Collabis now seeks to rewrite the parties' contract to include an arbitration provision.

Because:  (1) the Sandhu/Collabis asset purchase agreement does not contain an arbitration provision; (2) Collabis, LLC is not a party to the Sandhu/Integrity employment agreement[2] (which contains an arbitration provision); and (3) the Sandhu/Collabis asset purchase agreement and Sandhu/Integrity amended and restated employment agreement are separate, distinct, and unrelated, the Court should deny Collabis' motion to compel arbitration.

---

[1]  In addition to being its litigation counsel, Haynes and Boone, LLP also represented Collabis, LLC in negotiating and drafting the Sandhu/Collabis asset purchase agreement.

[2]  "Sandhu/Integrity employment agreement" refers to the March 17, 2010 amended and restated employment agreement between Sandhu and Integrity International.

## Summary of the arguments

➢ Sandhu did not agree to arbitrate the breach of contract claim asserted in this matter; the Sandhu/Collabis asset purchase agreement – the only contract at issue in this matter – does not contain an arbitration provision, and Collabis, LLC is not a party to the Sandhu/Integrity employment agreement.

➢ Sandhu's claim against Collabis, LLC is not within the scope of the arbitration provision; the Sandhu/Collabis asset purchase agreement and the Sandhu/Integrity employment agreement are separate, distinct, and unrelated contracts.

➢ As a non-signatory to the Sandhu/Integrity employment agreement, Collabis, LLC is not entitled to compel arbitration.

## Background facts

1.      In April 2005, plaintiff Pravindrajit Sandhu formed Collabis Corporation, as well as an Indian counterpart, Collabis Consulting Pvt. Ltd., both of which provided technical writing services for items such as user guides, maintenance manuals, installation guides, and policies and procedures.

2.      On April 1, 2009, Sandhu, individually, and Integrity International, Inc. executed an employment agreement, which was twice amended:

      a)      on August 4, 2009, Sandhu and Integrity executed the first amendment to employment agreement; and

      b)      on March 17, 2010, Sandhu and Integrity executed an amended and restated employment agreement.

True and correct copies of the August 4, 2009 and March 17, 2010 amended employment agreements are attached as exhibits 1 and 2.

3.     The Sandhu/Integrity employment agreement does include an arbitration provision, but Collabis, LLC **is not** a party to it or any of the preceding employment agreements.  Exhibits 1, 2.

4.     In fact, the arbitration provision only applies to "disputes or controversies involving **[Sandhu]** and **[Integrity International]** and/or its members, managers, officers, supervisors, and other employees."   Exhibit 2, ¶ 7(a) (emphasis added).  Collabis, LLC does not fall within any of those categories.

5.     On August 4, 2009, Collabis, LLC, Collabis Corporation, and Sandhu entered into an asset purchase agreement, under which Collabis, LLC purchased Collabis Corporation's assets, including Sandhu's goodwill.  A true and correct copy of the August 4, 2009 asset purchase agreement is attached as exhibit 3.[3]

6.     As consideration for the purchase of Sandhu's goodwill, Collabis, LLC agreed to make contingent deferred payments to Sandhu as set out in the Sandhu/Collabis asset purchase agreement:

**EXHIBIT C**

**CONTINGENT DEFERRED PAYMENTS**

If Pavi is employed with Integrity International on April 1, 2010 and provided the India Transaction closed prior to April 1, 2010, then Pavi shall be entitled to a payment of $65,000 (the "*First Contingent Deferred Payment*"), payable as set forth below.  If Pavi is employed with Integrity International after April 1, 2011 and the India Transaction closed prior to April 1, 2010, then Pavi shall be entitled to a second payment of $65,000 (the "*Second Contingent Deferred Payment*"), payable as set forth below.  The First Contingent Deferred Payment and the Second Contingent Deferred Payment are collectively referred to as the "*Contingent Deferred Payments*".

Upon the satisfaction of the terms and conditions of this <u>Exhibit C</u>, the First Contingent Deferred Payment shall be payable to Pavi in twelve (12) monthly installments commencing on April 1, 2011, provided that the India Transaction closed prior to April 1, 2010.  Upon the satisfaction of the terms and conditions of this <u>Exhibit</u>

---

[3]  The August 4, 2009 asset purchase agreement, referred to as "Sandhu/Collabis asset purchase agreement," is the only contract at issue in this litigation.

C. the Second Contingent Deferred Payment shall be payable to Pavi in the twelve (12) monthly installments commencing on April 1, 2012 provided that the India Transaction closed prior to April 1, 2010.

Exhibit 3.

7.      It is undisputed that Sandhu was employed by Integrity after April 1, 2011, and that the India transaction closed prior to April 1, 2010.   Therefore, under the Sandhu/Collabis asset purchase agreement, Collabis, LLC was required to pay Sandhu $130,000 in twenty-four equal monthly installments of $5,416.67.

8.      Because Collabis, LLC refuses to make the payments required under the Sandhu/Collabis asset purchase agreement, Sandhu filed this lawsuit.

9.      Importantly, exhibit C to the Sandhu/Collabis asset purchase agreement does not refer to, or even mention, the various employment agreements between Sandhu and Integrity, nor are Collabis, LLC's payment obligations dependent on, or related to, the terms of the employment agreements.[4]

10.      Collabis, LLC's payment obligations under the Sandhu/Collabis asset purchase agreement, and Sandhu's claims against Collabis, LLC for breach of those obligations, arose on April 1, 2011, months before Sandhu's termination from Integrity.

11.      Nevertheless, in its motion to compel arbitration, Collabis, LLC attempts to blur the line between two separate, distinct contracts, in hopes of enforcing an arbitration provision to which it is not a party.

---

[4]   Sandhu's right to payment under the Sandhu/Collabis asset purchase agreement is dependent upon Sandhu's employment on April 1, 2010 and April 1, 2011, not the existence of an employment agreement.   In other words, if Sandhu and Integrity terminated the employment agreement but continued Sandhu's employment, Sandhu would still have been entitled to payments under the Sandhu/Collabis asset purchase agreement.

12. The following chart illustrates the critical differences between the Sandhu/Collabis asset purchase agreement and the various employment agreements:

| Agreement | Date | Parties | Arbitration |
|---|---|---|---|
| Employment Agreement | April 1, 2009<br>August 4, 2009 (amended)<br>March 17, 2010 (amended and restated) | Employer:  Integrity International, Inc.<br><br>Executive:  Sandhu | Yes |
| Asset Purchase Agreement | August 4, 2009 | Sellers:  Collabis Corp. and Sandhu<br><br>Buyer:  Collabis, LLC | No |

Exhibits 1-3.

13. Collabis, LLC's contention that the arbitration provision in the Sandhu/Integrity employment agreement requires arbitration of the claim asserted in this matter ignores the plain language and intent of the Sandhu/Collabis asset purchase agreement and well-settled Texas and federal law, and, instead, relies on case law that does not apply to the facts in this matter.

14. In an effort to twist the law fit its facts, Collabis, LLC references provisions in the Sandhu/Collabis asset purchase agreement – provisions that are not at all relevant to this dispute – to argue that Collabis, LLC can compel arbitration of Sandhu's claims against it even though Collabis, LLC is not a party to **any** arbitration agreement.

15. Collabis, LLC's contentions are meritless.

## Argument and authorities

16. An arbitration provision is the same as any other contractual provision; courts are required to first determine whether the parties agreed to arbitrate.  *Equal*

*Employment Opportunity Commission v. Waffle House, Inc.*, 534 U.S. 279, 293-294 (2002).

17.     Although arbitration is favored in cases where ambiguity exists in the language of the provision, the United States Supreme Court has made clear that the parties' intent is paramount:

> [W]e do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated.

*Waffle House, Inc.*, 534 U.S. at 294.

18.     "The [Federal Arbitration Act] directs courts to place arbitration agreements on equal footing with other contracts, but it '***does not require parties to arbitrate when they have not agreed to do so***.'"  *Waffle House, Inc.*, 534 U.S. at 293 (*quoting Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)) (emphasis added).

19.     "Arbitration under the [Federal Arbitration Act] is a matter of consent, not coercion."  *Waffle House, Inc.*, 534 U.S. at 294 (*quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985)).

**_Sandhu did not agree to arbitrate his claim against Collabis, LLC_**.

20.     In its motion, Collabis, LLC correctly points out that to compel arbitration, it must establish:  "(i) <u>the parties</u> had a valid agreement to arbitrate; **and** (ii) the subject matter of the dispute is covered by the agreement."  Doc. #4, page 5 (emphasis added).

21.     In spite of these requirements, Collabis, LLC's seeks to compel arbitration under an agreement to which it is, admittedly, a stranger:

**_Integrity and Sandhu_** had a binding and valid agreement to arbitrate their disputes.

Doc. #4, page 6 (emphasis added).

22.     In focusing its briefing on why the arbitration provision in the Sandhu/Integrity employment agreement is valid and enforceable, Collabis, LLC attempted to gloss over the fact that it is not a party to an arbitration agreement.

23.     Collabis, LLC also ignores the plain language of the Sandhu/Collabis asset purchase agreement.  In fact, under § 9(p), Sandhu cannot assert claims against Collabis, LLC anywhere but in a state or federal court in Houston, Texas.

> (p)  *Submission to Jurisdiction.*  Seller and Pavi submit to the jurisdiction of any **state or federal court sitting in Houston, Texas**, in any action or proceeding arising out of or relating to this Agreement and agrees that all Claims in respect of the action or proceeding may be heard and determined in any such court.  Seller and Pavi also **agree not to bring** any action or proceeding arising out of or relating to this Agreement in any other court.  Seller and Pavi waive any defense of inconvenient forum to the maintenance of any action or proceeding so brought and waives any bond, surety, or other security that might be required of any other Party with respect thereto.  Any Party may make service on any other Party by sending or delivering a copy of the summons and complaint or citation and petition to the Party to be served at the address and in the manner provided for the giving of notices in § 9(h) above.

Exhibit 3, § 9(p) (emphasis added).

24.     The plain language of the Sandhu/Collabis asset purchase agreement confirms the parties' intent that claims arising out of or related the Sandhu/Collabis asset purchase agreement would be litigated in a state or federal court in Houston, Texas.  Exhibit 3, § 9(p).

25.     Had the parties to the Sandhu/Collabis asset purchase agreement wanted an arbitration provision, they would have included one.

26.     Because:  (1) the plain language of the arbitration provision in the Sandhu/Integrity employment agreement demonstrates Integrity and Sandhu's intent

that disputes between those two parties be submitted to arbitration; and (2) the plain language in the Sandhu/Collabis asset purchase agreement demonstrates Sandhu and Collabis, LLC's intent that claims between them, arising under the Sandhu/Collabis asset purchase agreement, were to be in state or federal court in Houston, Texas, Collabis, LLC cannot satisfy the first element required for this Court to compel arbitration.

27.    Accordingly, the Court should deny Collabis, LLC's motion to compel arbitration.

### *Sandhu's claim is outside of the scope of the arbitration provision.*

28.    Collabis, LLC devotes the majority of its motion to the insupportable proposition that Sandhu's claim for breach of the Sandhu/Collabis asset purchase agreement relates to Sandhu's employment with Integrity.

29.    Again, Collabis, LLC's argument requires the Court to extend Texas and federal law far beyond where the Texas Supreme Court, the Fifth Circuit, and the United States Supreme Court have been willing to go.

**The Sandhu/Collabis asset purchase agreement and the Sandhu/Integrity employment agreement are separate, distinct transactions between different parties.**

30.    In its motion, Collabis, LLC cites a number of Fifth Circuit cases for the proposition that broadly written arbitration clauses cover all matters related to, or connected with, the contract containing the arbitration provision.  Doc. #4, page 7.

31.    According to Collabis, LLC, its cited authority demonstrates that when there are multiple contracts related to a single transaction, and one of those contracts

contains an arbitration clause, all related contracts are subject to that arbitration provision. Doc. #4, pages 7-11.

32.    What Collabis, LLC fails to mention is that *Pennzoil*, *Personal Security*, *Neal*, and *Richland Plantation* are not applicable.  In each of those cases, the parties to the arbitration provision were the same parties to the "related contract(s)" that did not contain arbitration provisions.  *See Pennzoil Exploration and Prod. Co. v. Ramco Energy Ltd*, 139 F.3d 1061, 1062 (5th Cir. 1998)[5]; *Personal Sec. & Safety Sys. v. Motorola, Inc.*, 297 F.3d 388, 391 (5th Cir. 2002); *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 36 (5th Cir. 1990); *Richland Plantation Co. v. Justiss-Mears Oil Co., Inc.*, 671 F.2d 154, 155 (5th Cir. 1982).

33.    In each case cited by Collabis, LLC, the party attempting to compel arbitration was:  (1) a party to the contract containing the arbitration provision; and (2) a party to the agreement under which the claims arose.  *Id*.

34.    Moreover, in each of these cases, the court found that the series of related agreements were all part of a <u>singular</u> transaction, and, therefore, were covered by the applicable arbitration provision.  *See Pennzoil Exploration and Prod. Co.*, 139 F. 3d at 1068; *Personal Sec. & Safety Sys.*, 297 F.3d at 394-395; *Neal*, 918 F.2d at 37-38; *Richland Plantation Co.*, 671 F.2d at 155-156.

---

[5]    The *Pennzoil* case is particularly instructive.   Pennzoil and Ramco were parties to five agreements containing arbitration provisions; however, because Pennzoil and Ramco were joint parties under two of the agreements, the court held that "[t]he arbitration provisions in these agreements do not apply to disputes between Ramco and Pennzoil, but rather apply to disputes between Pennzoil/Ramco, as a single party on the one hand, and either KMNG or its successor SOCAR, on the other hand.  Accordingly, Ramco cannot be forced to arbitrate the dispute under either" of those agreements.  *Pennzoil Exploration and Prod. Co.*, 139 F.3d at 1065.

35.     Unlike the cases upon which Collabis, LLC relies, it is not a party to the arbitration provision it seeks to enforce.

36.     Additionally, the Sandhu/Integrity employment agreement and Sandhu/Collabis asset purchase agreement are not "part and parcel of the same transaction," nor are they "interrelated and interdependent."[6] Doc. #4, page 9.

37.     Specifically, the Sandhu/Integrity employment agreement was executed more than seven (7) months after the Sandhu/Collabis asset purchase agreement, and they serve entirely different purposes and relate to completely distinct transactions: (1) the Sandhu/Integrity employment agreement relates to Sandhu's employment with Integrity (exhibit 2); and (2) the Sandhu/Collabis asset purchase agreement relates to Collabis, LLC's purchase of Collabis Corporation's assets and Sandhu's goodwill. Exhibit 3.

38.     These contracts are not dependent on each other as each serves a purpose without relation to the other.

39.     In fact, Collabis, LLC's only real arguments that the two agreements are part of a single transaction, or are interrelated, are:  (1) the deferred payments at issue in this matter are contingent upon Sandhu being employed by Integrity on April 1, 2010, and April 1, 2011; and (2) the indemnification provision in the Sandhu/Collabis asset

---

[6]    Collabis, LLC's assertion that the Sandhu/Integrity employment agreement and Sandhu/Collabis asset purchase agreement are part of a single transaction because they involve "the sale of some of Sandhu's business' assets to entities owned by Integrity" is entirely meritless.  Doc. #4, pages 9, 10.  First, as detailed herein, the Sandhu/Integrity employment agreement relates to Sandhu's employment with Integrity, not Collabis Corporation's sale of assets to Collabis, LLC. Additionally, Texas law is clear that "a contract with one corporation – including a contract to arbitrate disputes – is generally not a contract with any other corporate affiliate."  *In re Merrill Lynch Trust Co.*, 235 S.W.3d 185, 191 (Tex. 2007).

purchase agreement purportedly allows "severance payments awarded to Sandhu in the arbitration [to] be offset against damages awarded to Collabis, LLC in this case or against damages awarded to Integrity, Collabis, LLC, or Collabis Solutions Private Limited in the arbitration counterclaim."[7]  Doc. #4, pages 10-11.

> *Collabis, LLC's payment obligation is not*
> *<u>dependant on an employment agreement</u>.*

40.    As noted in footnote 4, Sandhu's right to payment under the Sandhu/Collabis asset purchase agreement is in no way dependent on the existence of an employment agreement or any action taken under an employment agreement, but simply requires that Sandhu be employed on April 1, 2010 and April 1, 2011.  Exhibit 3.

41.    In other words, if Sandhu and Integrity terminated the employment agreement, but continued Sandhu's employment, Collabis, LLC would still be required to pay Sandhu under Exhibit C to the Sandhu/Collabis asset purchase agreement. Exhibit 3.

42.    As Collabis, LLC concedes, Sandhu's employment with Integrity was simply a trigger for Collabis, LLC's contingent deferred payment obligations.  Doc. #4, page 8.  Collabis, LLC's payment obligations are not dependent on a single term in the Sandhu/Integrity employment agreement.  Exhibits 2, 3.

---

[7]    Collabis, LLC also half-heartedly argues that the Sandhu/Integrity employment agreement and the Sandhu/Collabis asset purchase agreement are interrelated and interdependent because the employment agreement purportedly contains a non-disclosure agreement that benefits Collabis, LLC.  Doc. #4, page 10.  This is a red herring as that provision is not at issue in this matter, nor has Collabis, LLC made any allegation that Sandhu breached such provision.

*Collabis, LLC is playing games; the contracts are not interrelated –*
<u>*Integrity has no right of offset against Sandhu's severance payments*</u>*!*

43.     In its motion, Collabis, LLC argues that the Sandhu/Collabis asset purchase agreement and the Sandhu/Integrity employment agreement are interrelated by their damages provisions because:

> [A]ny severance payments awarded to Sandhu in the arbitration may be offset against damages awarded to Collabis, LLC in this case or against damages awarded to Integrity, Collabis, LLC, or Collabis Solutions Private Limited in the arbitration counterclaim.

Doc. #4, page 11.

44.     Collabis, LLC's argument is, at best, intentionally misleading because there is no indemnification right under § 7(g) of the Sandhu/Collabis asset purchase agreement.

45.     As Collabis, LLC is well aware, § 7(g) allows Integrity to offset against payments owed to Sandhu under "the Employment Agreement or the Amended Employment Agreement."  Exhibit 3, page 27.

46.     Since the "Employment Agreement" and the "Amended Employment Agreement" have been superseded by the March 17, 2010 Sandhu/Integrity employment agreement, which was executed more than seven months after the Sandhu/Collabis asset purchase agreement, there is absolutely no indemnification interrelation between the August 4, 2009 Sandhu/Collabis asset purchase agreement and the March 17, 2010 Sandhu/Integrity employment agreement.

47.     Because Sandhu's claims in this matter are outside the scope of the arbitration provision between Sandhu and Integrity, the Court should deny Collabis, LLC's motion to compel arbitration.

**_Collabis, LLC is not entitled to compel arbitration_**.

48.    Although it concedes that it is a non-signatory to the arbitration provision, Collabis, LLC contends that it is entitled to compel arbitration because, purportedly: (1) Sandhu is required to rely on the terms of the Sandhu/Integrity employment agreement to recover under the Sandhu/Collabis asset purchase agreement; and (2) Sandhu has alleged interdependent and concerted misconduct by Integrity and Collabis, LLC.  Doc. #4, page 10, fn 4.

49.    Based on Sandhu's pleadings and facts in this matter, both assertions are meritless.

> *Again, Sandhu's claims against Collabis, LLC have*
> *nothing to do with the employment agreement.*

50.    Sandhu's claims against Collabis, LLC solely arise under the Sandhu/Collabis asset purchase agreement and have nothing to do with, and are completely independent of, Sandhu's employment agreement with Integrity.

51.    Each agreement stands on its own, and Sandhu could seek to enforce either one without reference to the other.

52.    Collabis, LLC breached its payment obligations under the Sandhu/Collabis asset purchase agreement by refusing to make the contingent deferred payments called for in exhibit C to the Sandhu/Collabis asset purchase agreement.

53.    Irrespective of the Sandhu/Integrity employment agreement, it is undisputed that all conditions precedent to Sandhu's right to the deferred payments have been met.  Therefore, Collabis, LLC's breach of contract arose independently of the Sandhu/Integrity employee agreement.

54.     Because Sandhu's claims have nothing to do with the Sandhu/Integrity employment agreement, and in no way rely on it, the Court should deny Collabis, LLC's motion to compel arbitration.

*Sandhu's allegations of misconduct are directed at Collabis, LLC.*

55.     In his first amended complaint (Doc. #3), Sandhu set out a detailed background of the facts underlying this dispute, so that the Court would have a clear understanding of how the parties wound up in litigation.

56.     In doing so, Sandhu included certain facts related to his employment; however, Sandhu's over inclusiveness does not change the nature of his allegations and claims against Collabis, LLC; Collabis, LLC breached the Sandhu/Collabis asset purchase agreement by not making the requisite payments:

**Causes of action**

*Breach of contract*

30.     Based on the foregoing, Collabis, LLC breached the August 4, 2009 asset purchase agreement by, among other things, failing and refusing to pay Sandhu the $130,000 required under the asset purchase agreement.

31.     As a result of Collabis, LLC's breach of contract, Sandhu has been materially and foreseeably injured and seeks to recover all actual, consequential, and incidental damages incurred.

Doc. #3, ¶¶ 30, 31.

57.     The allegations and claims relevant to this dispute solely involve Collabis, LLC and its failure to make payments under the Sandhu/Collabis asset purchase agreement.

58.     This truth is further evidenced by the fact that Sandhu asserted his separate and distinct claims against Integrity, arising under the Sandhu/Integrity employment agreement, in a separate proceeding.

59.     Accordingly, Collabis, LLC, as a non-signatory to the arbitration provision, is not entitled to compel arbitration, and the Court should deny Collabis, LLC's motion to compel arbitration.

**Prayer**

WHEREFORE, plaintiff Pravindrajit Sandhu respectfully requests that the Court deny defendant Collabis, LLC's motion to compel arbitration.

Respectfully submitted,

/s/ *Daniel W. Jackson*

Daniel W. Jackson, SBN 00796817
S.D. of Texas ID No. 20462
3900 Essex Lane, Suite 1116
Houston, Texas  77027
(713) 522-4435
(713) 527-8850 – fax
daniel@emmonsjackson.com

Attorney in Charge for Plaintiff

**OF COUNSEL:**

Emmons & Jackson, P.C.
Scott K. Vastine, SBN 24056469
S.D. of Texas No. 743194
3900 Essex Lane, Suite 1116
Houston, Texas 77027
(713) 522-4435
(713) 527-8850 – fax
scott@emmonsjackson.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on the following counsel, *via* the federal electronic filing system, on October 6, 2011:

Matthew T. Deffebach
Katie Chatterton
Haynes and Boone, LLP
1221 McKinney, Suite 2100
Houston, Texas  77010

/s/ *Daniel W. Jackson*
Daniel W. Jackson