# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PRAVINDRAJIT SANDHU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-cv-02670 |
| | § | |
| COLLABIS, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT COLLABIS, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY LAWSUIT

Defendant Collabis, LLC ("Collabis") files this Reply to Plaintiff's Response to Defendant's Motion to Compel Arbitration and Dismiss or Stay Lawsuit ("Motion to Compel Arbitration").

### I. REPLY

Plaintiff's Response fails to address two fundamental issues that require compelling this matter to arbitration, where Plaintiff already has a pending and related claim. First, even as a non-party to the Amended and Restated Employment Agreement between Plaintiff and Integrity International, Inc. (d/b/a The Integrity Group) ("Integrity") dated March 17, 2010 (the "Amended Employment Agreement"), Collabis is entitled to enforce the arbitration provision contained in the Amended Employment Agreement as it is interrelated to the overall transaction involving the Asset Purchase Agreement (the "APA") executed by Plaintiff, Collabis Corporation (of which Plaintiff was the President), and Defendant Collabis.  Second, Collabis, as a non-signatory, can compel arbitration because, in this lawsuit, Plaintiff has made allegations of interdependent and concerted misconduct by both the signatory to the arbitration provision,

Integrity, and the non-signatory, Collabis. Therefore, Plaintiff's arguments to the contrary are meritless.

**A.     Even as a Non-Party, Collabis is Entitled to Enforce the Interrelated Amended Employment Agreement's Arbitration Provision.**

Although a non-party to the Amended Employment Agreement, Collabis is a party to the overall transaction through the APA. As such, the Fifth Circuit Court of Appeals has compelled arbitration in cases where an agreement is interrelated with another document that contains an arbitration clause. *See, e.g.*, *Personal Security & Safety Sys. v. Motorola, Inc.*, 297 F.3d 388, 393 (5th Cir. 2002). Further, contrary to Plaintiff's arguments on pages 8–9 of his Response, these interrelated documents do not need to involve the same parties. *See Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 398–99 (5th Cir. 2006). In *Brown*, the Fifth Circuit Court of Appeals upheld a finding by the district court that the plaintiff investors were estopped from asserting the lack of a binding arbitration agreement. *Id.* The underlying district court found that there was no way to adjudicate plaintiffs' claims against the defendant life insurance companies without considering the separate actions of an investment firm and their client representative, whose brokerage relationship with plaintiffs was governed by an arbitration agreement. *Id.* As such, the non-party investment firm's arbitration agreement was enforced by the defendant insurance companies. *Id.* Therefore, based on interrelated circumstances present here, Collabis can enforce the arbitration provision contained in the Amended Employment Agreement between Plaintiff and Integrity.

Plaintiff recognizes these interrelated circumstances when he describes the common ownership of Integrity and Collabis. As described in Paragraphs 7–10 of Plaintiff's First Amended Complaint ("Complaint"), Deborah Clifton ("Clifton"), owner of Integrity, became acquainted with Plaintiff and his Collabis entities and decided to buy certain assets from

Plaintiff's Collabis. In order to effectuate this exchange, Integrity formed various other "Collabis" entities for the purpose of purchasing Plaintiff's businesses. Therefore, although parts of the transaction involved different entities, these entities are closely held by Clifton and Integrity. *See also* Organizational Chart, Ex. 3 to the Motion to Compel Arbitration.

Further, Plaintiff executed the First Amendment to the Employment Agreement with an arbitration provision the same day that he executed the APA—August 4, 2009. *See* Section 7 of the First Amendment to the Employment Agreement, Exs. 4 & 5 to the Motion to Compel Arbitration. Thereafter, the arbitration provision remained in the Amended and Restated Employment Agreement. *See* Section 7 of the Amended Employment Agreement, Ex. 6 to the Motion to Compel Arbitration.

Although Plaintiff argues that there is one contract at issue in this dispute – the APA – the APA is conditioned on the continued Integrity employment of Plaintiff under an employment agreement such as the Amended Employment Agreement and the closing of the India Transaction under the Business Transfer Agreement ("BTA"). *See* Exhibit C to the APA. The APA's merger clause specifically incorporates and makes the Amended Employment Agreement, with its arbitration clause, part of the overall APA document. First, the merger clause states, "this Agreement (including the documents referred to herein) constitutes the entire agreement among the Parties and supersedes any prior understandings, agreements . . . or representations by or among the Parties, written or oral, to the extent they relate in any way to the subject matter hereof." *See* APA Section 9(d). Second, one of the documents referenced in the APA is the Amended Employment Agreement. *See* APA Section 1 (Definitions), Section 5(e) (Post-Closing Covenants) & Section 7(g) (Remedies for Breaches of This Agreement). Moreover, the APA contemplates and makes reference to Plaintiff's employment relationship throughout the APA. *See* APA Section 1 (Definitions), Section 4(w) (Representations and

Warranties Concerning Seller), Section 5(e) (Post-Closing Covenants), Section 7(g) (Remedies for Breaches of This Agreement) & Exhibit C (Contingent Deferred Payments).  Therefore, these contracts form the same closely related transaction.  As such, Collabis is entitled to enforce the Amended Employment Agreement arbitration provision against Plaintiff.

**B.     Plaintiff has Made Allegations of Interdependent and Concerted Misconduct by a Signatory and Non-Signatory.**

It is unclear why Plaintiff would increase the cost and expense on the parties to pursue claims in both arbitration and federal court, but it is clear that Plaintiff cannot escape *his* lawsuit allegations where he alleges concerted activity by the non-signatory of the arbitration clause (Collabis) and the signatory (Integrity).

As explained in Defendant's Motion to Compel Arbitration, a non-signatory can compel arbitration when the signatory plaintiff raises allegations of interdependent and concerted misconduct by a signatory and a non-signatory.  *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000).  This is precisely what Plaintiff has done in his lawsuit as he plainly alleges that Integrity created performance based-reasons regarding Sandhu's employment to avoid paying him the deferred compensation.  The following Complaint paragraphs speak to the allegations of interdependent and concerted misconduct:

> 21. Instead of responding to Sandhu's request that Collabis, LLC pay him as required under the asset purchase agreement, on May 11, 2011, Integrity International responded by: (1) setting out a laundry list of Sandhu's job responsibilities; (2) claiming that Sandhu failed to fulfill each responsibility; (3) declaring a breach of Sandhu's employment agreement; and (4) demanding that Sandhu cure each of these nebulous breaches within ten days. A true and correct copy of Clifton's May 11, 2011 correspondence is attached as exhibit 4.
>
> 22. For example, Integrity International claimed that Sandhu breached his employment agreement by failing to "[u]derstand the Company's vision and critical success factors" and gave Sandhu ten days to cure his default. Exhibit 4.

      23. On June 24, 2011, Integrity International terminated Sandhu's employment – without cause. A true and correct copy of Deborah Clifton's June 24, 2011 correspondence to Sandhu is attached as exhibit 5.

      24. And, finally, on August 2, 2011, Collabis, LLC sent Sandhu a claim for indemnification under the asset purchase agreement. In its demand letter, Collabis set out a laundry list of Sandhu's purported breaches of the asset purchase agreement, but failed to quantify its alleged damages or in any way address Sandhu's demand for payment. A true and correct copy of Matthew T. Deffebach's August 2, 2011 correspondence is attached as exhibit 6.

      25. Of course, Collabis and Integrity International's complaints are purely pretextual.

*See* Plaintiff's Complaint Paragraphs 21–25. As Plaintiff has already filed claims in arbitration to "recover $200,000 in severance payments" from Integrity based on the Amended Employment Agreement[1] *and* Plaintiff alleges that Integrity's complaints about Sandhu's performance are a "pretext" to avoid paying the deferred compensation sought in the present lawsuit, this Court should properly compel this matter to arbitration.

## VII. CONCLUSION

      For the reasons discussed, this dispute should be compelled to arbitration in accordance with the terms of the Amended Employment Agreement. As such, Plaintiff's claims should be dismissed with prejudice pursuant to the Federal Arbitration Act, or alternatively, all proceedings in this cause should be stayed pending completion of arbitration. Defendant further requests all other relief to which it may be entitled.

---

[1] *See* Plaintiff's Complaint Footnote 3.

                              Respectfully submitted,


                              */s/ Matthew T. Deffebach*
                              Matthew T. Deffebach
                              State Bar No. 24012516
                              Southern District No. 24225
                              HAYNES AND BOONE, L.L.P.
                              1221 McKinney, Suite 2100
                              Houston, TX 77010
                              Telephone: (713) 547-2064
                              Telecopier: (713) 236-5631
                              ATTORNEY-IN-CHARGE FOR
                              DEFENDANT COLLABIS, LLC

OF COUNSEL:
Katie G. Chatterton
State Bar No. 24068176
Southern District No. 1022032
HAYNES AND BOONE, L.L.P.
1221 McKinney, Suite 2100
Houston, TX 77010
Telephone: (713) 547-2291
Telecopier: (713) 236-5543


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was served via ECF to Plaintiff's Counsel of Record, Daniel W. Jackson and Scott K. Vastine, 3900 Essex Lane, Suite 1116, Houston, Texas 77027, pursuant to the Federal Rules of Civil Procedure, on October 7, 2011.


                              */s/ Katie G. Chatterton*
                              Katie G. Chatterton


H-912085_1.DOC